CHEEVER NEWHALL & another *vs.* ROBERT G. HOBBS.

The defendant in a bill in equity is not required to answer matters of recital, unless specially interrogated thereto; and if he volunteers to answer such matters in part, he is not thereby bound to answer the whole.

The plaintiff and defendant having entered into a partnership, the business of which was to be conducted by the plaintiff at Boston, and by the defendant at New Orleans, in the sale of goods to be shipped by the plaintiff to the defendant, and the business having been so carried on for several years and then terminated; the plaintiff brought his bill in equity against the defendant, setting forth the partnership agreement, and the proceedings under the same, and alleging that the plaintiff had repeatedly requested the defendant to come to a final settlement of the affairs of the partnership, and that the defendant had wholly neglected

and refused so to do; and praying that the defendant might answer the matters and charges contained in the bill, that an account might be decreed to be taken of all the partnership dealings and transactions, and that the defendant might be directed to pay the plaintiff whatever might thus appear to be due to him: The defendant having filed his answer, admitting the agreement, the furnishing of the goods by the plaintiff, and the reception and sale'thereof by the defendant, at New Orleans, as set forth in the bill; and alleging that he had rendered true and just accounts of the sales at New Orleans, and of all the business of the concern annually; and denying that he had the means of stating a true account of the transactions at Boston, &c., and exceptions being taken to the answer: — It was held, that if the defendant had been expressly requested to state a full account of all the partnership transactions (which he had not) he would not have been under any obligation so to do, because the plaintiff himself was obliged to render an account of the transactions in Boston; and that as to the account of the transactions at New Orleans, the defendant, having remitted just and true accounts thereof, was not obliged to restate them.

ΓHIS case, which was a bill in equity by two of three partners against the third, came before the court upon exceptions to the report of the master, to whom the defendant's answer was referred; and was argued at a former term by *W. R. P. Washburn,* for the plaintiffs, and by *F. Hobbs,* of Bangor, for the defendant. The nature of the case sufficiently appears from the opinion of the court.

WILDE, J. This is a suit in equity founded on an agreement in writing between the parties, by which, as the plaintiffs aver, they undertook to commence business as partners at New Orleans, to be transacted by the defendant there, and the goods were to be furnished and shipped to him by the plaintiffs at the actual costs, and that the profits and loss were to be divided between them, two thirds to the plaintiffs, and one third to the defendant. The bill alleges, that in pursuance of the said agreement, the business was carried on from the year 1835, to July 1st, 1842, when it was terminated; and that, although the plaintiffs had repeatedly requested the defendant to come to a final settlement of the joint concern, he had wholly neglected and refused so to do. The prayer of the bill is, that the defendant may answer the matters and charges contained in the bill, and that an account may be decreed to be taken of all the partnership dealings and transactions; and that the defendant may be directed to pay to the plaintiffs what, if any thing, may upon such account appear to be due to them.

On the coming in of the answer, sundry exceptions were taken thereto by the plaintiffs, which, with the bill and answer, were referred to a master to examine the same, and to report thereon, who, after hearing the solicitors of the parties, reported that the exceptions were not well taken, and that the answer was sufficient.

To this decision and report the plaintiffs took sundry exceptions, which are now to be considered. The bill and answer are very voluminous, and I shall allude only to such parts as may be necessary for the understanding of the decision of the court. Six of the exceptions, namely, the three first and the three last, relate to the alleged deficiency of the answer in stating the accounts. To these exceptions two answers have been given by the defendant's counsel.

In the first place, it is said, that in no part of the bill is the defendant requested to state an account; and it is suggested, that the bill was so framed with a view to prevent the defendant from relying on his answer as evidence in his defence, as such a statement would not be responsive to the bill. However this may be as to the intention of the plaintiffs' counsel, there is certainly no such request to be found in the bill.

All that the bill states is by way of recital; and the principal reference to the defendant's answer is in the words following: "What money has been received for interest by said Hobbs for the joint concern; what sums he hath withdrawn from the joint funds for his own use; at what times they have been appropriated; what merchandise has been purchased therewith; what has become of it; and whether said Hobbs has charged himself with interest on the sums by him withdrawn from time to time; and if so, at what rate; will more fully appear when he shall exhibit the books of the concern, shall render full accounts, and make full discovery in relation to the several matters herein inquired of."

Now, it is a well settled rule, that the defendant is never required to answer matters of recital, unless specially interrogated; and so far as the defendant has been specially requested to answer, in relation to matters touching the

account to be stated, the answer is full, and to this there is no exception.

But the plaintiffs' counsel contend, that the defendant having answered in part, he is obliged to answer as to the whole account; and that if he had intended to decline answering as to the whole account, he should have protected himself by plea. Such is the rule in the court of chancery, when the defendant refuses to answer on the ground that he might criminate himself; or that he is a *bona fide* purchaser without any knowledge of a previous fraudulent sale ; or that the matter inquired of was a privileged communication. A different rule, however, is adopted in the court of exchequer. Now, which is the better rule, it is not necessary to decide. It seems reasonable, that if the plea would be decisive of the case, the rule in chancery is the better rule; but if the defendant must answer as to other matters, there seems no good reason why the objection should not avail him on his answer. But this rule has no application to the present case ; for the defendant was not bound to answer as to matters of recital, or as to the construction of the contract and other particulars.

In the second place, the defendant has fully answered all matters contained in the bill, however stated, whether by way of recital or otherwise ; and we think this answer to the exceptions is fully maintained. The answer is very full as to all the material facts involved in the suit, except in a few particulars, as to which the defendant declares that he is not able to answer more fully, and for reasons stated which seem to us satisfactory. The answer admits the agreement, and that the goods furnished by the plaintiffs were received by him, and by him mostly sold; and it alleges that he has rendered true and just accounts of the sales, and of all the business of the concern, annually, and oftener, including goods by him withdrawn from the goods and merchandise furnished and shipped to him by the plaintiffs. He answers also very fully as to the account, although that does not relate to the transactions under the agreement. He also answers as to the

construction of the agreement, and as to the plaintiffs' claim of interest, and to many other particulars, to which no exception has been taken.

It appears, therefore, that if the defendant had been expressly requested to state a full account of all the partnership transactions, he would not have been under any obligation so to do; because the plaintiffs themselves were obliged to render an account of the transactions here; and the defendant denies, that he has the means of stating that part of the account; and he has brought his cross bill to compel the plaintiffs to state a true account of the sales of the goods remitted to them, and of other matters which are necessary to be ascertained, before a general account can be stated; and as to the account of the transactions at New Orleans, he, having remitted just and true accounts thereof, as before stated, is not obliged to restate them; and we think clearly that he is not. To require him to annex schedules of all the matters and things transacted for seven years, and to state the result in an account, would be oppressive and unnecessary, and what the plaintiffs would have no right to demand.

It is objected, that the answer is defective in one particular at least; because no account is given of the amount and value of the goods on hand at the termination of the partnership. But the defendant has answered as to the disposition of these goods fully, which renders a more particular account unnecessary. It is averred in the answer, that these goods were divided between the parties, which division was adopted by the plaintiffs, and that the defendant had credited the amount of every article taken by him, and had paid for the same. And as to the portion set apart for the plaintiffs at the division, it is answered, that some of them were destroyed by fire, that the same were insured, and that the defendant received therefor from the insurers the sum of $200·18, and no more; and that before the bringing of this bill, the amount was credited and paid to the plaintiffs, and that the residue of the articles belonging to the plaintiffs, which were not destroyed by fire, were shipped to them at Boston; and that

the defendant was unable to set forth what disposition was made thereof, and the profit and loss thereon.

As to the other six exceptions, the plaintiffs' counsel has made no objections which have not been already noticed. They relate to sundry particulars, which it is said the defendant has not answered; some of which have been answered sufficiently, and some the defendant was not bound to answer. As to all material facts and statements in the bill, the answer seems not only full, but overflowing; and if this were a valid objection to it, the plaintiffs might well except. But we think there is no reasonable ground whatever for the exceptions taken before the master; they are therefore disallowed, and his report disallowing the exceptions to the answer is confirmed.